### *In re* STAIB & Co., Bankrupts.

(*District Court, W. D. Pennsylvania.* ———, 1880.)

1. CONTROVERSY BETWEEN ASSIGNEE AND ADMINISTRATOR — STOCK — REV. ST. § 4979.—A controversy between the assignees of a bankrupt and the personal representative of a decedent as to the possession of stock or its proceeds, exceeding $5,000 in value, is clearly determinable by a suit at law or in equity, under section 4979 of the Revised Statutes, and cannot be disposed of by a summary proceeding.

2. SAME—STATUTE OF LIMITATIONS—REV. ST. § 5057.—Such claim is barred under section 5057 of the Revised Statutes within two years from the time the cause of action accrued.

In Bankruptcy.

*Sur* petition of Samuel Rea, administrator *cum testamento annexo* of William A. Rogers, deceased, for an order on the assignees to pay over to him certain moneys.

*Kennedy & Doty*, for assignee.

*Geo. W. Guthrie*, for administrator.

ACHESON, D. J. This controversy relates to certain insurance stocks, or the proceeds derived from the sale thereof, in the hands of the assignees of the bankrupts, and which are claimed adversely by Samuel Rea in his character of personal representative of the estate of William A. Rogers, deceased. These stocks belonged originally to William A. Rogers, who, dying December 14, 1872, by his last will bequeathed them to his wife, Mary Rogers, who is one of the bankrupts. Letters of administration *cum testamento annexo* upon the estate of said decedent, issued to Samuel Rea, who, in the month of January, 1874, duly transferred these stocks upon the books of the insurance companies to Mary Rogers. At that date the latter was not a party to these bankrupt proceedings, but became such by an amendment of the record on October 2, 1874. The adjudication of the bankrupts, as such, was on October 28, 1874, and on January 5, 1875, the estates of the bankrupts—including the stocks in question—were assigned to J. B. Finley and Alford Patterson, the assignees in bankruptcy. These stocks were sold by the assignees, and the proceeds brought into their final account of the individual estate

of Mary Rogers, which was filed December 16, 1876. A second meeting of the creditors for the distribution of this fund was called for January 23, 1877. Four days before that meeting, to-wit, on January 19, 1877, Samuel Rea, administrator *cum testamento annexo* of William A. Rogers, deceased, filed his petition in this case, alleging that said stocks were needed to pay debts of the decedent, and which were not known to him when he transferred them to Mary Rogers, and praying for an order upon the assignees to pay to him, as such administrator, the fund realized from the sale of said stocks.

In my judgment the case is not one for a summary proceeding like the present, but falls clearly within section 4979 of the Revised Statutes, of a controversy determinable by a suit at law or in equity. This distinction between a summary proceeding and a plenary suit is quite important to the parties here, because the amount in dispute exceeds $5,000, and is within the appellate jurisdiction of the supreme court, but the parties would be deprived of an appeal or writ of error to the supreme court if their rights were determined in a summary way.

I am of opinion, therefore, that the objection set up by the assignees in their demurrer and answer, that the petition here involves a question of title to property, which cannot be determined in such a summary proceeding as the present, is well taken and must be sustained.

But if this record were amendable, so as to convert the proceeding into a suit in equity (as was suggested at the argument by the petitioner's counsel) and the amendment allowed, an insuperable obstacle to the relief sought would remain in the statute of limitations.

Section 5057 of the Revised Statutes enacts as follows:

"No suit, either at law or in equity, shall be maintainable in any court between an assignee in bankruptcy and a person claiming an adverse interest, touching any property or rights of property transferable to or vested in such assignee, unless brought within two years from the time when the cause of action accrued for or against such assignee."

How is it possible for the petitioner to avoid the bar of the

statute? Clearly, on January 5, 1875, when her estate was assigned in bankruptcy, the title to these stocks was in Mary Rogers. They had been assigned to her previously upon the books of the companies, and there stood in her name unquestionably. She then held and claimed these stocks adversely to the petitioner. It is equally clear that on said date, by virtue of the assignment in bankruptcy, her title passed to and vested in her assignees. No formal transfer to them upon the books of the companies (as is contended by counsel) was necessary to complete the title of the assignees. From that time on the assignees in bankruptcy held these stocks adversely to all the world. Now, more than two years elapsed after the assignment before the present petition was filed, and the door to litigation touching these stocks was then closed. *Bailey* v. *Glover*, 21 Wall. 347.

The views above expressed make it unnecessary for me to examine the merits of this controversy, or pass upon the exceptions to the register's report upon that branch of the case. The order I now make is based exclusively upon the two above-stated grounds, viz.: (1) The controversy is not determinable in a summary proceeding like the present; and (2) that the petitioner's claim is barred by section 5057 of the Revised Statutes.

And now, to-wit, July 9, 1880, the exceptions to the register's report in this matter are overruled, and the original and supplemental petitions of Samuel Rea, administrator *cum testamento annexo* of William A. Rogers, deceased, filed respectively January 19, 1877, and January 26, 1878, are dismissed.